IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANNE HUDSON, DECEASED B/N/F AND HUSBAND, LEROY HUDSON, AND LEROY HUDSON, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE HUDSON, DECEASED<br><br>Plaintiffs,<br><br>vs.<br><br>CHRYSLER GROUP LLC, NEW VENTURE GEAR, INC.; NEW PROCESS GEAR, INC.,; MAGNA SERVICES OF AMERICA, INC.; DANA HOLDING CORPORATION, BILL BORUFF AUTOMOTIVE, LLC D/B/A BILL BORUFF CHRYSLER-DODGE-JEEP-RAM, BYRAN D. PATTERSON, INDIVIDUALLY AND DOING BUSINESS AS CHARLIE'S TIRE STORE, CHARLIE'S TIRE STORE, INC., CEDAR CITY DIESEL AND AUTOMOTIVE, INC. AND MIRACLE CHRYSLER PLYMOUTH DODGE, INC. D/B/A MIRACLE CHRYSLER DODGE JEEP, INC.<br><br>Defendants. | Case No.: 3:14-cv-987<br><br>Judge: Campbell<br>Magistrate Judge: Griffin |

## PROTECTIVE ORDER

It is hereby ordered that the parties may produce for discovery and inspection certain documents that the producing party agreed to produce in its written responses to discovery or pursuant to initial disclosures. Because the materials referred to above may be privileged, confidential, proprietary, or contain trade secrets, the discovery and inspection will be conducted pursuant to the following terms, restrictions and conditions.

1. In responding to written discovery, a party may designate as "protected" or "subject to protective order" or with a similar designation any portion of its responses or documents produced that contain trade secrets or other confidential research, development or

commercial information or which is otherwise considered protected under applicable law. The designating party shall label any protected document by placing "protected", "subject to protective order" or "confidential" on the designated document(s). Testimony and other information based upon documents so designated shall be considered protected and subject to this Protective Order.

2. Information contained therein shall be disclosed only to the following persons:

(a) The Court (including court reporters, stenographic reporters and videographers and court personnel);

(b) Attorneys of record, their partners, employees, contractors, experts or other individuals certified by counsel as employed by or assisting counsel in preparation for, or at the trial of, this action; and

(c) The parties to this action, including officers or employees and claims representatives, provided that such parties, officers, employees and claims representatives shall receive such protected information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes.

3. Prior to disclosure of protected information to any third parties, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A.

4. Any such documents or information shall be used only for the purpose of prosecuting this action.

5. Any person or firm to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

6. In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, such confidential documents or information shall be kept under seal by the Clerk until further order of this Court. Any use of any such document or of information contained therein and any testimony associated with the confidential information contained therein shall be held *in camera* if necessary to prevent disclosure to non-parties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents or information, unless the Court orders otherwise upon good cause shown.

7. The production of such documents or information by any party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

8. Should any party dispute the need for any particular document(s) or information to be entitled to protection pursuant to the Order, then within thirty (30) days following receipt of said document(s) the disputing party shall notify the producing party, through its attorney, of such dispute, following which the producing party shall have thirty (30) days to file a motion before the Court requesting a protective order. Information or documents that are disputed pursuant to this paragraph will remain protected pending the Court's review and decision regarding this matter.

9. Upon the termination of this action, all copies furnished by a producing party to any other party to this action, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions furnished by the producing party, shall be returned to counsel for the producing party, together with a letter from any counsel receiving documents pursuant to this Order stating that all documents and copies of such documents that were provided by the producing party have been returned to the producing party.

IT IS SO ORDERED.

R

_____
JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANNE HUDSON, DECEASED B/N/F AND HUSBAND, LEROY HUDSON, AND LEROY HUDSON, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNE HUDSON, DECEASED | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) | |
| vs. | ) ) | Case No.: 3:14-cv-987 |
| CHRYSLER GROUP LLC, NEW VENTURE GEAR, INC.; NEW PROCESS GEAR, INC.,; MAGNA SERVICES OF AMERICA, INC.; DANA HOLDING CORPORATION, BILL BORUFF AUTOMOTIVE, LLC D/B/A BILL BORUFF CHRYSLER-DODGE-JEEP-RAM, BYRAN D. PATTERSON, INDIVIDUALLY AND DOING BUSINESS AS CHARLIE'S TIRE STORE, CHARLIE'S TIRE STORE, INC., CEDAR CITY DIESEL AND AUTOMOTIVE, INC. AND MIRACLE CHRYSLER PLYMOUTH DODGE, INC. D/B/A MIRACLE CHRYSLER DODGE JEEP, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge: Campbell Magistrate Judge: Griffin |
| **Defendants.** | ) | |

The undersigned, having read the Protective Order entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action and shall not be used for any business or other purpose.

5

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated:_____

_____
Signature

_____
Name

_____

_____
Address

_____
Employer